UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WHIRLPOOL CORPORATION
*et al.*,

        Plaintiffs,

vs.

LG ELECTRONICS, INC.,
*et al.*,

        Defendants.
                               /

Case No. 4:03-cv-113

Hon. Gordon J. Quist

**ORDER**

This suit involves alleged patent infringement involving two of plaintiffs' patents: the "370 patent" (tumbling method of washing fabric in a horizontal axis washer) and the "718 patent" (tumbling method of rinsing fabric in a horizontal axis washer). This matter is now before the court on defendants' "[m]otion to compel discovery response (testing results)" (docket no. 111), which has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(a).

In their motion, defendants seek to compel production of information of testing results requested in discovery. Specifically, defendants contend that "[a]fter Whirlpool in open Court published selected aspects of its testing of LG's accused machines in an effort to establish patent infringement to the Court, Whirlpool now refuses to allow LG to discover other tests, tests results, and claim comparisons Whirlpool performed on LG machines, almost certainly because those other tests prove, or tend to prove, noninfringement." Defendants' Brief at 1.

The disclosure arose on June 14, 2004, when the parties participated in an informal conference with the court pursuant to the case management order, which provided in pertinent part as follows:

> The court will conduct an informal, off-the-record conference, designed to acquaint the court with the patents in suit and the claims and defenses of the parties. Counsel should be prepared to demonstrate the patented and accused items, by use of the items themselves (if practicable) or photographs or models.

Case Management Order at ¶ 3 (Nov. 3, 2004). The docket sheet does not reflect minutes or a transcript of this informal conference which was held "off-the-record."

A party moving to compel discovery has the burden to show that the information sought to be compelled is discoverable. *See* FED. R. CIV. P. 26(b)(1); *Alexander v. FBI*, 186 F.R.D. 200, 203 (D. D.C. 1999). Once the moving party has established that the information is discoverable, the burden shifts to the objecting party, who has the burden to substantiate its objections or claims of privilege. *See Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984); *Alexander*, 186 F.R.D. at 203. At the conference, plaintiffs admittedly presented video clips demonstrating the operation of an LG washer. Defendants contend that plaintiffs' video presentation was "selected aspects of testing of LG's accused machines in an effort to establish patent infringement to the [c]ourt," and that this demonstration waived any privilege and work product immunity . . . Defendants' Brief at 1. Plaintiffs contend that defendants have no basis to request the results of all of their testing of defendants' infringing washing machines, stating that all of its testing is protected as work product. Plaintiffs' Opposition at 1.

The Sixth Circuit described the contours of the work product doctrine in *In Re Columbia/HCA Healthcare Billing Practices Litigation*, 293 F.3d 289, 294 (2002):

> The work product doctrine is distinct from and broader than the attorney-client privilege. The doctrine is designed to allow an attorney to assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference ... to promote justice and to protect [his] clients' interests. So-called fact work product, the written or oral information transmitted to the attorney and recorded as conveyed by the client, may be obtained upon a showing of substantial need and inability to otherwise obtain without material hardship. However, absent waiver, a party may not obtain the opinion work product of his adversary; i.e., any material reflecting the attorney's mental impressions, opinions, conclusions, judgments, or legal theories.

*In Re Columbia/HCA*, 293 F.3d at 294 (citations and quotation marks omitted).

The work product doctrine extends beyond material prepared by the attorney to include material prepared by the attorney's agents. As the Supreme Court observed in *United States v. Nobles*, 422 U.S. 225 (1975):

> At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case. But the doctrine is an intensely practical one, grounded in the realities of litigation in our adversary system. One of those realities is that attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial. It is therefore necessary that the doctrine protect material prepared by agents for the attorney as well as those prepared by the attorney himself.

*Nobles*, 422 U.S. at 238-39.

The video clip presented on June 14, 2004 was not a test to be used as evidence at trial. Rather, it was a demonstration requested by the court and intended to be viewed by the court and opposing counsel. Plaintiffs' waived any work product privilege in the video clip when they

3

allowed opposing counsel to view it.  *See  Pittman v. Frazer*, 129 F.3d 983, 988 (8th Cir. 1997) ("disclosure to an adversary waives work product protection as to items actually disclosed"); *Picard Chemical Inc. Profit Sharing Plan v. Perrigo Co.*, 951 F. Supp. 679, 690 (W.D. Mich. 1996) ("[w]ork product immunity can be waived by voluntary disclosures to potential adversaries"). Accordingly, defendants are entitled to a copy of the video clip used at the informal conference.[1]

However, plaintiffs' use of this video clip at the informal conference did not waive their work product privilege with respect to testing performed on the washer.  As the court previously discussed, the video clip of defendants' washer was a demonstration or illustration prepared for an informal conference and "designed to acquaint the court with the patents in suit and the claims and defenses of the parties." The video clip was not presented to the court at an evidentiary hearing or trial and was not intended to be the basis of the court's decision in this case.  Furthermore, even if the video clip had been evidence of testing performed by plaintiffs, this single disclosure would not destroy work-product protection for other documents of the same character.  *See Pittman*, 129 F.3d at 987-88 (voluntary disclosure of some photographs from an accident scene disclosed in open court waived the work product protection as to those photographs, but not as to other protected material collected by the investigator); *Duplan Corp. v. Deering Milliken, Inc.*, 540 F.2d 1215, 1222 (4th Cir. 1976) ("broad concepts of subject matter waiver analogous to those applicable to claims of attorney-client privilege are inapplicable when applied to Rule 26(b)(3)").

---

[1] In this regard, it appears that defendants have a copy of the video. Plaintiffs state that they provided a copy of the video clip to defendants.  Plaintiffs' Brief at 7.  This statement appears supported by defendants, who have attached a copy of a still photograph from the video clip to their supporting brief as Exh. A.

4

Accordingly, defendants' motion to compel (docket no. 111) is **GRANTED** with respect to the video tape presented at the June 14, 2004 conference and **DENIED** in all other respects.

**IT IS SO ORDERED.**

Dated:  August 30, 2005              /s/ Hugh W. Brenneman, Jr.
                                     Hugh W. Brenneman, Jr.
                                     United States Magistrate Judge